## Joseph H. O'Hare et al., Appellees, v. Helen E. Johnston and Mary B. Johnston, Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Fayette county; the Hon. THOM-AS M. JETT, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed May 1, 1915. Rehearing denied July 14, 1915.

### Statement of the Case.

Bill filed by Joseph H. O'Hare and others for the construction of the fourth clause of the will of Benjamin F. Johnston, deceased. From a decree sustaining the validity of the instrument, Helen E. Johnston and Mary B. Johnston appeal.

The fourth clause of the will directs the executors to deliver or pay to a certain trust company two hundred shares of the stock of a designated corporation, or other securities of equal value, to be held in trust for thirty years, the income to be paid semi-annually to the testator's two children, William M. Johnston and Hazel D. Johnston. At the expiration of that period the principal was directed to be divided between them. It was further provided that in the event of the death before the testator of either of the children without issue, that the trust fund should be held for the use of the survivor; and in the event of the death before or after the testator of either of his said children leaving issue, that the income from the principal given to their parents should be paid to such issue, and the principal given them at the expiration of the thirty years. The will directed that the residue of the estate should be converted into money and divided equally between the testator's widow and his said two children.

The will was executed July 2, 1904, when the testator was fifty-five years old. His immediate family at

the time was his wife and his two children, William M. Johnston, twenty-one years old, and Hazel D. Johnston, about eighteen years old. The testator died February 2, 1905. His daughter married Joseph H. O'Hare July 18, 1905, and two years later Mary Hazel O'Hare was born. William M. Johnston died January 20, 1913, intestate, leaving as his only heirs at law, his wife Helen E. Johnston, his mother Mary B. Johnston, and his sister Hazel D. O'Hare, who died May 15, 1913. Mrs. Johnston was appointed administratrix of her deceased husband's estate, while Joseph H. O'Hare was appointed administrator of his wife's estate. Shortly after the death of Mrs. O'Hare a bill was filed by Joseph H. O'Hare, individually, and as administrator of his deceased wife's estate, and by her child, Mary Hazel O'Hare, against the widow of the testator and Helen E. Johnston.

The main contention of the defendants is that the fourth clause of the will of Benjamin F. Johnston is obnoxious to the rule against perpetuities.

At the trial the following amounts were allowed to the solicitors representing the various parties: To the solicitors for the complainant, Joseph H. O'Hare, $4,500. To the guardian *ad litem* of the infant complainant, Mary Hazel O'Hare, $2,250. To the solicitors for the trustee, $2,250; and to the solicitors for the defendants, Mary B. Johnston and Helen E. Johnston, $3,000, all of which together with the costs of the suit were ordered paid by the trustee from the trust fund.

ALBERT M. KALES, WILLIAM D. BANGS and ARTHUR ROE, for appellants.

HUGH V. MURRAY, JOHN J. BROWN, M. P. MURRAY, GEORGE E. MURRAY and ALOYS B. LAGER, for appellees Joseph O'Hare and others.

J. G. BURNSIDE and STEWART, BRYAN & WILLIAMS, for appellees J. G. Burnside and St. Louis Union Trust Company.

MR. JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. PERPETUITIES, § 7*—*when bequest violates rule against.* A bequest of personalty in trust, the income to be paid to the testator's two children during the period of thirty years, when the corpus was to be divided between them, and providing that if either child should die without issue before or after the testator that the survivor should take the other's share, and in the event of the death of either child with issue before or after the testator that the issue should take the parent's share, *held*, where both children died within eight years after the testator, that the bequest was in violation of the rule against perpetuities, and void.

2. WILLS, § 369*—*when bequest of income carries title to corpus.* The rule that the gift of the whole of the interest or income from a legacy vests the principal at the death of the testator does not apply to a bequest by which the *corpus* is expressly payable at a fixed future day providing the legatee be then alive.

3. WILLS, § 493*—*when invalidity of trust does not invalidate entire will.* The invalidity of a clause of a will creating a trust because in violation of the rule against perpetuities, *held* not to vitiate the remainder of the instrument.

4. WILLS, § 435*—*when allowance of solicitor's fees not excessive in action to construe will.* The allowance of solicitors' fees from a trust estate in an action to determine the validity of a testamentary trust, *held*, with the exception of that allowed the complainant, not to be excessive.